**NATIONAL LABOR RELATIONS BOARD**
**v. SWIFT & CO.**
**No. 474, Original.**

Circuit Court of Appeals, Eighth Circuit.
Nov. 20, 1940.

Mortimer Kollender, Sr. Atty., National Labor Relations Board, of Atlanta, Ga. (Charles Fahy, Gen. Counsel, Robert B. Watts, Associate Gen. Counsel, Laurence A. Knapp, Ass't. Gen. Counsel, Richard C. Barrett, and Thomas F. Wilson, Attys., National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

D. L. Grannis, of South St. Paul, Minn., and William N. Strack, of Chicago, Ill., for respondent.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This case comes before the court upon petition by the National Labor Relations Board for the enforcement of its order issued against respondent pursuant to Section 10(c) of the National Labor Relations Act, 49 Stat. 449, 29 U.S.C. Sec. 151 et seq., 29 U.S.C.A. § 151 et seq. Respondent is an Illinois corporation, operating a plant at South St. Paul, Minnesota, where the Board found unfair labor practices occurred.

Upon charges filed by the United Packing House Workers Local Industrial Union No. 814, a labor organization, herein called the United, the Board through its regional director issued its complaint against respondent on July 5, 1938, alleging in addition to jurisdictional facts that the respondent had dominated and interfered with the formation and administration of Employees Security Association and its successor, Packing House Employees Union of South St. Paul Local No. 1, labor organizations, both sometimes referred to as the Association, and had contributed financial and other support thereto, and had urged, persuaded and warned its employees against joining the United, in violation of Section 8 (1) and (2) of the Act. On July 18, 1938, respondent filed an answer denying the commission of unfair labor practices. Pursuant to notice, a hearing was held from August 8 to 11, 1938, at South St. Paul, Minnesota, before a trial examiner. Full opportunity to be heard, to examine and cross examine witnesses and to adduce evidence on the issues was afforded. The trial examiner issued his intermediate report, to which exceptions were filed by respondent, and oral argument was had before the Board. On October 9, 1939, the Board issued its decision setting forth its findings of fact, conclusions of law and order. Thereafter, on February 9, 1940, the Board caused notice to be served upon respondent that it would, unless cause to the contrary was shown, amend its decision and order by adding a ruling in effect striking out certain testimony which had been offered on behalf of the Board at the hearing before the examiner and by deleting a certain subsidiary finding included in paragraph III B of the decision. The testimony stricken consisted of the records of Board decisions in other cases against the respondent herein, viz., Nos. C–355, C–484 and R–605, all decided May 20, 1938, and the matter deleted consisted of two sentences and accompanying footnotes as printed at page 13 of 15 N.L.R.B. No. 110.[1] After hearing, the Board made and entered the amendments proposed in the notice.

In its response to the petition of the Board herein the respondent prays this court to deny enforcement of the order.

As the decision, findings of fact, conclusions and order of the Board are published in full in 15 N.L.R.B. No. 110, it is unnecessary to repeat them here. The contentions of the respondent are that there is no evidence to support the subsidiary findings of the Board and they are con-

---

[1] Sentences deleted: "It may be noted, also, that the same pattern of procedure was followed by the respondent at its plants in Denver, Colorado, Evansville, Indiana, and National City, Illinois, where employee representation plans were dissolved with like results. It seems to us more than a coincidence that from several of such meetings came the organization of 'inside' unions which received the quick recognition of the respondent."

trary to the evidence; that such findings are argumentative and not true findings, and they do not support the ultimate findings that respondent has engaged in unfair labor practices within the meaning of Section 8 (1) of the Act or Section 8 (2) thereof; that there is no evidence to support such findings; that the Board's amendment of its decision was improper, and that the order is contrary to law in that it is too broad.

The attacks upon the subsidiary findings are developed in the argument upon contentions that the Board has ignored important facts established by uncontradicted testimony; that it has found facts upon contradicted testimony, although its findings are contrary to undisputed testimony; that it has drawn inferences which are not only improper, but likewise in conflict with the uncontradicted testimony. To all of which careful consideration has been given in connection with examination of the extensive record. Such examination leaves no doubt that other and different inferences might have been drawn from the testimony than those drawn by the Board. It is true the Board has not undertaken to set forth in its findings any abstract or summary of all the evidence in the record. It has merely drawn from the whole evidence and presented as subsidiary findings the evidentiary facts upon which it has based its ultimate finding that specified provisions of the Act were violated. It was not incumbent upon the Board to recite all the evidence, or even all undisputed evidence, or the evidence from which inferences opposed to its own might have been drawn. It is hardly possible that any two examiners would express inferences of evidentiary facts drawn from an extended record in identical language. Here the subsidiary findings indicate the evidence from which they are drawn clearly enough to enable the respondent and the court to make the necessary comparison with the record. The respondent has pointed out and argued those claimed to be unsupported or contrary to the evidence. But proceeding, step by step, through the subsidiary findings made by the Board, none has been found without the support of some substantial evidence in the record. The weight to be given the testimony of the witnesses was for the Board and not for the court.

The inquiry of the Board concerned the situation in which the workers of respondent had long been associated in an organization in which half of the members of its representative body had been chosen by the respondent. The active and directing heads of the organization had supervisory authority over some of the workmen. The respondent had posted in the plant its declaration to the workmen in writing that as the Supreme Court had construed the National Labor Relations Act, it was "not possible to continue the organization", and such was manifestly the fact. In that situation the requirements of the Act were that there be complete restoration to the workers who had been associated in the organization, of full freedom to exercise their right of self organization. National Labor Relations Board v. Newport News Shipbuilding Co., 308 U.S. 241, loc. cit. 250, 60 S.Ct. 203, 84 L.Ed. 219. The facts here found by the Board upon sufficient evidence fairly support the inference that such full freedom was not restored and that advantage was taken by the employer of the existing organization and of the authority of certain members of its Assembly which adhered to them by reason of their offices in that organization. The acts of assistance and interference on the part of respondent in the organization of the new labor organization could not be judged in isolation by themselves alone. If that were possible, the holding would have to be that the acts did not amount to the domination or interference prohibited by the Act. But only a few days intervened between the respondent's posting its declaration of the impossibility of continuing the old organization and the completion of the new organization and the recognition thereof by the employer. The facts found by the Board upon substantial evidence sufficiently sustain its finding that there was a material degree of interference and domination on the part of the respondent in the formation and administration of the new labor organization.

The respondent insists that even if some order of disestablishment was justified, the present order goes too far, and by failing to specify the conduct that may be deemed a contempt, the order subjects respondent to wrongful restraint in the conduct of its business. The order imposes its prohibition substantially in the language of the statute and is concededly in the same form that has been used by the Board in a great number of cases decided by it, and the assertion in the brief of the Board

that its orders in substantially the same form have been sustained by the Supreme Court in 17 cases and by the Circuit Court of Appeals in more than 50 others, is not specifically controverted. But it is argued that the attention of the several courts has not been particularly directed to the form of the orders in the cases referred to by the Board, and that where the form has been put directly in issue the weight of authority sustains respondent's contention against the scope of the order here. We think the weight of authority sanctions the order in this case substantially in the language of the sections 8 (1) and 8 (2) of the Act. Texas & New Orleans R. Co. v. Brotherhood of Railway Clerks, 281 U.S. 548, 50 S. Ct. 427, 74 L.Ed. 1034; Virginian Railway Co. v. System Federation No. 40, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789; National Labor Relations Board v. Fansteel Metallurigical Corp., 306 U.S. 240, 59 S.Ct. 490, 83 L.Ed. 627, 123 A.L.R. 599. The cases, Swift & Co. v. United States, 196 U.S. 375, 25 S.Ct. 276, 49 L.Ed. 518, and New York, N. H. & H. R. R. Co. v. I. C. C., 200 U.S. 361, 26 S.Ct. 272, 50 L.Ed. 515, are not to the contrary. In the Circuit Court of Appeals, orders in the form used here are upheld in cases where the question of the extent of the prohibition was directly in issue and passed on by the courts. National Labor Relations Board v. Remington Rand, Inc., 2 Cir., 94 F.2d 862, 868, certiorari denied, 304 U.S. 576, 585, 58 S.Ct. 1046, 82 L.Ed. 1540.

■ The proceedings taken by the Board resulting in the amendment of its decision afford no sufficient ground for denial of its petition. It appears from colloquy between members of the Board and counsel at the oral argument before the Board, and from the decision as first promulgated, that the Board attributed some weight to the evidence in other cases before the Board in which Swift and Company was a party. But the notice to respondent of the proposed amendments gave respondent opportunity to be heard and it submitted its brief in opposition to the proposed action. The court can not assume that the Board failed to consider the effect of excluding the evidence which it excluded, or of deleting the subsidiary finding based on such evidence. The decision as amended is the Board's decision, and the findings included therein must be given the effect required by the statute.

■ The respondent has lodged with the clerk of the court its printed abstract of evidence purporting to contain the evidence in the record reduced to narrative form. The Board objects to the filing of such abstract, or consideration thereof by the court, and moves to strike it from the files on the following grounds: (1) It can not be considered as part of the respondent's brief because respondent's brief previously filed contained practically the full number of pages allowed by our Rule 45, Section 5; (2) the Act requires that review be had upon the testimony and other proceedings as they appear in the record before the Board, certified by the Board. Section 10 (e), National Labor Relations Board v. Newport News Shipbuilding Co., 308 U.S. 241, loc. cit. 249, 250, 60 S.Ct. 203, 84 L.Ed. 219; (3) the procedure of considering one party's narrative version of the evidence conflicts with our Rule 45, Section 2, "The case shall be heard upon such transcript (certified by the Board) * * *"; (4) "the narrative form of testimony has been criticised by the bar, by a considerable section of the bench and by commentators". Notes to Rules of Civil Procedure (printed in S. Doc. No. 101, 76 Cong. 1st Sess. at p. 290), the Narrative Record in Federal Equity Appeals (1929) 42 Harv.L.Rev. 483; (5) the Board not having agreed to the narrative of evidence may not be bound by it.

The motion to strike is sustained on the grounds of objection numbered 1, 2, 3 and 5, and no consideration has been given to the tendered abstract of evidence.

Enforcement of the order is directed.